Foster v. Latham.

MARGARET FOSTER

v.

HENRY C. LATHAM.

*Certificate of Acknowledgment—How far Conclusive—Surplusage—Holder of Notes Secured by Trust Deed as Trustee.*

1. In the absence of proof of fraud and collusion on the part of the officer taking and certifying the acknowledgment of a deed, his certificate in proper form must prevail over the unsupported testimony of the grantor that the same is false and forged.

2. The use of the word "notarial" before the word "seal," in a certificate of acknowledgment of a Justice of the Peace, is surplusage, and does not invalidate the certificate.

3. The holder of notes secured by a trust deed may be the trustee therein.

[Opinion filed August 26, 1886.]

IN ERROR to the Circuit Court of Sangamon County; the, Hon. J. J. PHILLIPPS, Judge, presiding.

Messrs. ORENDORFF & PATTON, for plaintiff in error.

The evidence does not warrant the master in chancery in finding that Margaret Foster ever executed the trust deed in question to Henry C. Latham.

In proof that she did, complainant relies solely upon the recitals of the notary public, John D. Keedy. There is no proof that he was at the time such an officer. There is no seal of any such officer attached. Surely such a recital, un-authenticated by a seal, can not prove the execution of said instrument or deed. Margaret Foster, not being proven to have ever waived her homestead and dower right, ought not to have had her rights foreclosed under this trust deed. Holbrook v. Nichol, 36 Ill. 161.

A trustee is agent of both *cestui que trust* and beneficiary. 2 Perry on Trusts, 156; Clarke v. Wilson, 53 Miss. 119; Ashuelot R. R. Co. v. Elliott, 57 N. H. 397; McGovern v. Knox, 21 Ohio St. 547; Jones on Mortgages, Secs. 1770, 1771.

He can not acquire interests hostile to the interests of the *cestui que trust.* Lee v. Fox, 6 Dana, 172; Chapin v. Weed, 1 Clark, 464; G., C. & S. R. R. Co. v. Kelly, 77 Ill. 426.

A trustee in a deed of trust for security is subject to the same rules that govern all trustees. Perry on Trusts, Sec. 602.

Messrs. MATHENY & MATHENY, for defendant in error.

The word "notarial" is surplusage, and surplusage in an acknowledgment otherwise perfect will not vitiate. Stuart v. Dutton, 39 Ill. 91.

A certificate of acknowledgment is stronger as evidence than the denial of the grantor. Lickmon v. Harding, 65 Ill. 505; Canal & Dock Co. v. Russell, 68 Ill. 426; Kerr v. Russell, 69 Ill. 666; Russell v. Baptist Theo. Union, 73 Ill. 337; Fitzgerald v. Fitzgerald, 100 Ill. 385.

Foster v. Latham.

A certificate of acknowledgment is stronger even than the denial of the grantor with proof that the deed is not in his handwriting. Kerr v. Russell, 69 Ill. 666; Blackman v. Hawks, 89 Ill. 512; Tunison v. Chamblin, 88 Ill. 378.

A certificate of acknowledgment is a record and imports verity. Kerr v. Russell, 69 Ill. 666; Blackman v. Hawks, 89 Ill. 512.

It seems to be held in the following cases that a certificate of acknowledgment can only be impeached by showing fraud or collusion between the party and the officer, and that a simple negative of the facts therein stated will not avail. Graham v. Anderson, 42 Ill. 514, 519; Kerr v. Russell, 69 Ill. 666; Strauch v. Hathaway, 101 Ill. 11; Monroe v. Poorman, 62 Ill. 523.

There is no such an inconsistency between the position of the defendant in error as holder of the notes on the one hand, and as trustee on the other hand, that the courts will refuse him relief.

Had the loan originally been made for a third party, it would have been lawful for Latham to purchase the notes secured by this deed. Darst v. Bates, 95 Ill. 493.

CONGER, J.   This was a bill filed by Latham to foreclose a trust deed which is claimed in the bill to have been executed by plaintiff in error and her husband, Henry Foster, to defendant in error, as trustee, to secure a series of notes executed by said Henry Foster, payable to himself and afterward indorsed to Latham. · Latham furnished the money for which the notes were given and it was used by Foster and his wife in discharging a prior incumbrance upon the same property, upon which the deed of trust in suit was given. Plaintiff in error answers, denying the execution or acknowledgment upon her part of the trust deed.

The evidence upon this point is the certificate of acknowledgment of John D. Keedy, a Justice of the Peace, certifying in the usual form to the execution of said deed of trust by plaintiff in error and her husband, offered by defendant in error, and the testimony alone of plaintiff in error, offered in

her own behalf, that she never executed or acknowledged the said deed of trust.

We had supposed it was settled beyond controversy by the Supreme Court of this State that "in the absence of proof of fraud and collusion on the part of the officer taking and certifying the acknowledgment of a deed, the officer's certificate of the acknowledgment in proper form must prevail over the unsupported testimony of the party grantor that the same was false and forged." Lickmon v. Harding, 65 Ill. 505; Fitzgerald v. Fitzgerald, 100 Ill. 385.

The certificate of acknowledgment is as follows :

"State of Illinois, Sangamon County.

I, John D. Keedy, Justice of the Peace in said county, do hereby certify that Henry Foster and Margaret Foster, his wife, personally known to me to be the same persons whose names subscribed to the foregoing instrument, appeared before me this day in person and severally acknowledged that they signed, sealed and delivered said instrument as their free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead and dower.

Given under my hand and *notarial* seal this 20th day of July, A. D. 1878.

    [SEAL.]·              JOHN D. KEEDY,
                                    Justice of the Peace."

And it is insisted that this is the certificate of a notary, and not a good certificate because there is no notary's seal attached. There is no force in the objection. The use of the word " notarial" is mere surplusage, and does not invalidate the certificate.

The next objection taken is that Latham could not be a trustee and *cestui que trust* by the same instrument.

We do not think this objection is well taken. In Longwith v. Butler, 3 Gil. 38, the court quotes with approval the following language of Lord Eldon : " Here the mortgagee is himself made the trustee. It would have been more prudent for him not to have taken upon himself that character. But it is too much to say that if one party has so much confidence in

the other as to accede to such an arrangement, this court is, for that reason, to impeach the transaction." Justice Koerner proceeds to hold that a mortgagee under a mortgage containing a clause to sell, may sell the mortgaged premises and convey a good title to the purchaser.

In the case of Darst v. Bates et al., 95 Ill. 513, the court say: "Indeed, it is quite common to make the holders of the notes or their assignees trustees in mortgages with powers of sale, and this has repeatedly received the approval of this court."

Here it is not sought by the trustee to avail himself of the power contained in the deed to sell, but he is asking a court of equity to take charge of the property and order it sold in the usual way.

The decree of the Circuit Court was in our opinion right, and will be affirmed.

*Affirmed.*