**Charles W. Rabbit et al., Appellants, v. First National Bank of Rock Falls et al., Appellees.**

**Gen. No. 7,424.**

1. FORECLOSURE OF MORTGAGES—*right of holders of notes to strict foreclosure.* The holders of notes or other evidences of debt under a trust deed are not debarred from the right of strict foreclosure in a proper case.

2. FORECLOSURE OF MORTGAGES—*right of strict foreclosure against solvent mortgagor.* Strict foreclosure is not allowable when the mortgagor is solvent.

3. BILLS OF REVIEW—*when not demurrable.* A bill in the nature of a bill of review to review a decree for strict foreclosure is not demurrable because it fails to specifically allege that the complainants have been injured by the decree or that they are able and willing to redeem the premises.

Appeal by plaintiffs from the Circuit Court of Lee county; the Hon. WILLIAM J. EMERSON, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded with directions. Opinion filed March 27, 1925.

WILLIAM H. WINN, for appellants.

JACOB CANTLIN, for appellees.

MR. JUSTICE JONES delivered the opinion of the court.

This cause is here by appeal from the circuit court of Lee county, where a decree was entered dismissing a bill in the nature of a bill of review, for want of equity. The bill alleged that a certain decree entered in said court for a strict foreclosure should be reviewed because of errors of law apparent on the face of the record of said decree. The complainants in the bill of review are the three defendants in the bill for strict foreclosure, to wit: Charles W. Rabbit, the maker of the notes secured by the trust deed and mortgage involved, Edward Hayes, grantee of the equity of redemption and E. A. Kizer, a judgment creditor of Charles W. Rabbit. The remaining defendants in the bill for strict foreclosure, together with the First National Bank of Rock Falls, Illinois, the complainant therein, are the defendants in the bill of review. A demurrer interposed by the said Bank was sustained and the bill of review was dismissed for want of equity.

While Charles W. Rabbit was the owner of the 360 acres of land involved in this proceeding, he executed and delivered two trust deeds to John Fischer as trustee. The first trust deed was given to secure the payment of notes aggregating the principal sum of $20,000, but this trust is only incidentally involved. The second trust deed was given to secure the payment of an indebtedness of $2,400 as evidenced by certain notes payable to the Savings Bank of Ke-

wanee. The notes so made payable to the Savings Bank of Kewanee were duly transferred and assigned by it to the First National Bank of Rock Falls, the complainant herein. After the execution of the two trust deeds Rabbit conveyed the lands subject to said trust deeds to Elmer E. Minear, who executed and delivered to Rabbit, as part consideration for the conveyance, notes aggregating $6,600. These notes were secured by a mortgage given by Minear on said lands and was a third lien thereon. Rabbit assigned the notes to the said First National Bank of Rock Falls. Default having been made in the payment of interest due on the notes aggregating $2,400 and those aggregating $6,600, the First National Bank of Rock Falls, being the owner of all of said notes, filed its bill for strict foreclosure, alleging that the said real estate is meager and scant security for the indebtedness mentioned in said trust deeds and mortgage; that the value of said real estate is wholly insufficient to pay the amounts due, and that the complainant is ready and willing to take the said premises subject to the first-mentioned deed of trust in full discharge of the amount due it, on the second deed of trust and the said mortgage.

A decree was entered finding among other things that the value of the mortgaged premises is less than the amount of the indebtedness secured by said liens. It adjudged that the defendants be barred of all right of redemption, and that the complainant be vested with the unconditional and absolute right in said premises subject to said first deed of trust, unless the defendants pay the amount due on the second deed of trust and said mortgage within ninety days.

The causes argued for a reversal of the decree dismissing the bill of review are: First, that there can be no strict foreclosure of a trust deed when the trustee is not the owner or holder of the notes evidencing the indebtedness, and second, that the bill for strict foreclosure does not allege and the decree does not

find that the makers of the promissory notes secured by the second deed of trust and by the said mortgage are insolvent.

Counsel for appellants cites no authority in support of his first contention. Indeed he asserts that a search of authorities fails to disclose that the question raised by him has ever been adjudicated. He urges that the function of a strict foreclosure is to cut off the owner's equity of redemption, and to vest in the mortgagee not only the legal title to the lands but the equitable title as well, thus merging both titles in him. He then insists that the holder of the notes in this case was a stranger to the title to the premises and that there is no precedent or authority for vesting the title in him.

A trustee named in a deed of trust is seldom endowed with many of the duties usually incident to trusteeships. As a general proposition it may be said that any person who is competent under the law to make a deed possesses all the qualifications for a trustee under a deed of trust. While it is incumbent upon him to act fairly and impartially between the debtor and the creditor, he is not disqualified by having an interest in the debt. He may be the owner of a part or the whole of the evidences of the debt. (*Darst v. Bates,* 95 Ill. 493; *Longwith v. Butler,* 8 Ill. 38; *Foster v. Latham,* 21 Ill. App. 165.) In the broadest sense he is the agent or representative of both parties. (*Williamson v. Stone,* 128 Ill. 129; *Gray v. Robertson,* 174 Ill. 242.) If he be the owner of the indebtedness there can be no serious objection to a decree for strict foreclosure vesting the title in him in his individual capacity regardless of the fact that he is also trustee.

Since the purpose of strict foreclosure is to cut off the right of redemption by vesting the entire title in the owner of the notes or evidences of indebtedness, we see no reason why a court of equity should not, by its decree, vest the title to the mortgaged premises in the owners of the notes without any circuitous proc-

esses. A court of equity will look to the substance of the transaction and not to its form. In almost every essential particular, a deed of trust is but a mortgage. Both are but incidents of a debt. The owners of the notes are the beneficiaries under a deed of trust, and in equity are entitled to the same benefits and advantages as are invested in a mortgagee. We can perceive of no valid or substantial reason why the holders of notes or other evidences of indebtedness under a trust deed should be debarred from the right of strict foreclosure in a proper case.

Strict foreclosures are not encouraged by the law. In some jurisdictions the remedy can be resorted to only when all the parties in interest consent and agree to it, in others, when it appears that there are no judgment creditors or purchasers of the equity of redemption who have the right to redeem, and in still others, the remedy is absolutely forbidden by law. In Illinois there is no statute regulating strict foreclosures and we are therefore governed by the common law and the trend of judicial decision in this State.

In support of appellant's contention that the decree for strict foreclosure was erroneous, because it was neither alleged nor found that the defendants were insolvent, quite a number of Illinois cases are cited, from *Johnson v. Donnell,* 15 Ill. 98, to *Carpenter v. Plagge,* 192 Ill. 82. In the last-mentioned case, the Supreme Court said that: "The general rule is in this State that a strict foreclosure will only be decreed where it appears that the property is of less value than the debt for which it is mortgaged and the mortgagor is insolvent, and the mortgagee is willing to take the property in discharge of his debt." The Appellate Court of this district in *McCormick v. Higgins,* 190 Ill. App. 241, on page 262, said that: "The rule is that where the premises are worth no more than the mortgage debt, and the debtor is insolvent and the creditor is willing to take the property in satisfaction

of the debt and the costs, it is proper to decree a strict foreclosure.''

It is the position of counsel for appellees that notwithstanding the fact that the courts of this State, in enumerating the circumstances under which a strict foreclosure is proper, have almost invariably included insolvency of the owner as an element, nevertheless, it is not an indispensable element. We cannot agree with appellees' position. It is manifest that if the mortgaged premises are ample security for the mortgaged indebtedness, there would be no ground for strict foreclosure, and this is true even though the mortgagor be insolvent, and so, if the mortgaged premises be not ample security for the mortgage debt, there would be no justification for a strict foreclosure if the mortgagee were solvent. It would be manifestly inequitable to deprive him of the right of redemption when he has ample means to redeem if he chooses to do so. These two suggestions show the logic of the union of these two elements before strict foreclosure is proper. But their union would not be sufficient without the third, i. e., the creditor must take the property in satisfaction of his debt and the costs.

It is urged upon us by counsel for appellees that even though there must be a union of the three elements nevertheless a bill filed to review the decree allowing a strict foreclosure in this case is fatally defective, because it fails to specifically allege that the complainants have been injured by the decree or that they are able and willing to redeem the premises. It is well settled that no person can maintain a bill of review who has no interest in the question intended to be presented by the bill or who cannot be benefited by the reversal or modification of the former decree. (*Webb v. Pell*, 3 Paige (N. Y.) 368; *Wilkinson v. Gage*, 40 Ill. App. 603.)

It needs no discussion to demonstrate that one who has a right of redemption is prejudiced if he is summarily deprived of such right. The court cannot as-

sume that the purchaser of the equity of redemption or a judgment creditor is insolvent and therefore cannot redeem. We have already held that strict foreclosure cannot be granted unless it is alleged and proved that the owner of the land was insolvent and we certainly cannot indulge ourselves in a presumption that they are insolvent and unable to redeem.

We are of the opinion that the bill of review was sufficient to require an answer and that it was error for the chancellor to sustain a demurrer and enter a decree dismissing said bill for want of equity. The said decree is therefore reversed and this cause is remanded with directions to the chancellor to vacate the order sustaining the demurrer, to enter an order overruling the demurrer, and for such other proceedings as may be consistent with the views herein expressed.

*Reversed and remanded with directions.*