C. D. White, Individually and as Trustee, et al., Appellants, v. Winfield N. Macqueen, Individually and as Trustee, Appellee.

**Gen. No. 36,545.**

Opinion filed February 7, 1934.

Cooke, Sullivan & Ricks, for appellants; Edwin Hedrick and W. H. Armstrong, of counsel.

J. S. Dudley, for appellee.

Mr. Justice Hebel delivered the opinion of the court.

This is an appeal by the complainants from a decree entered by the court sustaining the demurrer of the defendant to the amended bill of complaint, and dismissing the bill for want of equity.

The errors complained of in this bill are that the court erred in sustaining the defendant's demurrer to the bill of complaint, as amended, for the reasons hereinafter appearing in this opinion and discussed by the court.

The complainant, C. D. White, the holder of the title to the real estate described in the bill of complaint, together with Peter J. Hamel, a bondholder, filed the bill of complaint for the purpose of removing Winfield N. Macqueen, who is named as trustee in a trust deed executed on May 22, 1925, by the White Building Cor-

poration, an Illinois corporation, to secure an issue of its bonds.

It further appears from the bill that the defendant, shortly after the execution of the trust deed, by the use of his office as trustee, represented to the bondholders secured by the trust deed that the White Building Corporation had called all the bonds for redemption, when in fact no such call was made by the White Building Corporation for redemption of the bonds, and upon representation of the failure of the White Building Corporation to redeem the said bonds, the defendant persuaded the bondholders to take other securities of a far less value than the bonds secured by the trust deed, thereby making a personal profit out of the subject matter of the trust.

As a further charge in the bill, it appears that the White Building Corporation deposited with the defendant moneys with which to pay the accrued interest on the bonds and that said moneys were not used by the defendant to pay said interest; that from time to time the defendant used and misused funds deposited for the payment of interest for his own purposes, and caused a deposit agreement to be prepared and sent to the bondholders of bonds secured by the trust deed, and requested the bondholders to deposit their bonds with the defendant under the deposit agreement. This agreement is attached to and made a part of the bill of complaint.

It also appears from the bill of complaint that although as trustee the defendant is under the duty not to participate in a sale of the property for his own use or in recognition of one group of bondholders over another, he is soliciting the deposit of bonds secured by the trust deed in this case and has threatened and stated to the bondholders that if they do not deposit their bonds with him they will not receive any interest on their bonds, and that they will be frozen out in the

foreclosure sale so that they will receive only a small percentage of the principal of their bonds; and that the defendant hopes and intends to use the said deposit agreement for his own benefit and in order to make a personal gain or profit therefrom.

The bill prayed for an injunction to restrain the defendant and his agents from acting under the trust deed during the pendency of the cause, and also that the defendant be removed as trustee under the trust deed, and that the Northern Trust Company, of Chicago, Illinois, be appointed as successor trustee, as provided for in the trust deed. The bill of complaint was amended to make C. D. White, as an individual bondholder, and the White Building Corporation, an Illinois corporation, parties complainant.

The complainants contend that a trustee under a trust deed in the nature of a mortgage is the trustee for all bondholders, and also for the owner of the equity of redemption and the mortgagor, and that a trustee cannot by misconduct deal with trust property for his own personal gain, or refuse to apply and pay moneys deposited with him toward the payment of accrued interest.

Whatever the duties of a trustee may be, they are imposed upon him by the trust deed, which is controlling. A trust deed such as in this record is executed by the mortgagor to secure the payment of a debt, and is considered a mortgage. Title is in the trustee subject to be conveyed upon payment of the debts secured, or upon redemption made within the time provided for by law where a foreclosure decree has been entered and a sale of the property has been made. Nevertheless, there are certain provisions requiring the trustee to act, and, if it is so provided, the trustee receiving money to be applied in payment of the matured bonds or interest must only use this money for the purpose for which it is received by the

trustee, and the trustee appointed in a trust deed and assuming the duties provided for by the provisions of this deed, necessarily assumes certain responsibility toward the parties who executed the deed, as well as the bondholders who are the owners of bonds issued under the provisions of the trust. The law will not permit the trustee to take advantage of a condition to make a personal profit in the transaction, unless with the knowledge and consent of the interested parties.

In considering the question as to whether the defendant as trustee is prohibited by the terms of the trust deed from purchasing and acquiring ownership of bonds the payment of which is secured by the trust deed, it would seem that the provisions of the trust deed itself do not prohibit the defendant from acquiring ownership of the bonds by purchase, and unless so restricted, there is no legal reason why the defendant may not become a purchaser of the evidence of indebtedness secured by the deed, and thereby become the owner of the bonds issued by the White Building Corporation, even if secured at a discount. Reeve Ill. Law of Mortgages (1932), Vol. 1, p. 480, sec. 419; *Rabbit v. First Nat. Bank of Rock Falls,* 237 Ill. App. 289; *Foster v. Latham,* 21 Ill. App. 165.

The fact that the defendant is the holder of bonds secured by the trust deed does not disqualify him, for that reason, from acting as trustee. Black on Mortgages and Deeds of Trust (1903), p. 64, sec. 45; Reeve Ill. Law of Mortgages (1932), Vol. 1, p. 207, sec. 156; *Darst v. Bates,* 95 Ill. 493; *Longwith v. Butler,* 3 Gilm. (Ill.) 32, and *Foster v. Latham,* 21 Ill. App. 165. And the fact that the defendant may have purchased bonds at a satisfactory price and retained ownership of the bonds, even though he is the trustee, does not give the complainants the right to object upon that ground. The amount of the principal is evidenced by the bonds

executed by the White Building Corporation, and the amount therein acknowledged makes the corporation liable, subject, however, to such credits upon the principal as may accrue by reason of the sale of the real estate under a decree by virtue of a foreclosure proceeding. The amount paid for the bonds by the defendant is of no concern of the complainants in this suit; but rather that of the sellers of the bonds to the defendant, and it does not appear that any former owner of the bonds who sold them to the defendant is complaining. In what way the complainants are damaged in the transactions complained of, does not appear.

Whatever is the amount of the principal of the bonds, that is the amount to be paid, and it necessarily follows that if there is a default in payment, a foreclosure proceeding will follow, and a decree undoubtedly will be entered for the amount due.

The pertinent question in this case is: Did the defendant by his solicitation of bondholders to deposit bonds with the defendant under the deposit agreement, do or act in any way inimicable to the interest of all bondholders, as well as to the owners and holders of the legal title to the property in question? It is to be noted that there is no objection to the plan by depositing bondholders. The deposit agreement is to the effect that depositing bondholders empower the trustee, in the event the real estate is sold pursuant to a decree of court in a foreclosure proceedings, to bid at the sale and apply the bonds and coupons towards the payment of the purchase price, and to receive and hold the certificate of sale and any deed that may be issued for the proportionate benefit of the bondholders.

The trustee is further empowered to sell the property for a price deemed by him to be proper, and to deduct from the moneys received, upon redemption or

sale, certain outlays and expenses which he has incurred therein.

This agreement in and of itself does not militate against the parties complainants but applies only to depositing bondholders. It would seem proper for bondholders to empower an agent to act for them as expressed in the agreement. So far as the agreement itself is concerned, it does not appear to be for the purpose of taking advantage of nondepositing bondholders, but for the purpose of protecting the bondholders who have joined therein.

The trust deed provides that a bondholder or trustee may bid for and purchase said premises, or any part thereof, and the purchaser at said sale shall be entitled, as a bondholder in making payment for the property purchased, to apply in lieu of cash any bonds and matured unpaid coupons secured by the trust deed toward the purchase price payable by the bidder.

The defendant is authorized as an owner of bonds to join with other bondholders for the purpose of bidding at a sale which has been directed by a decree of the court in a foreclosure proceeding. This may be done by the defendant as trustee. The amount bid at the sale is the amount which will inure to the benefit of all bondholders, and unless the bid is fair and equitable in amount, the sale will not be approved by the chancellor.

Complaint is made that the defendant received moneys deposited by the mortgagor from time to time to pay interest when due. From the bill of complaint, as amended, it appears that only five-sixths of the total amount of the interest to accrue was deposited with the trustee to be applied in payment of the interest when due, and it does not appear from the bill that the money has been converted by the trustee to his own use.

It will not be necessary to consider the other objections made by the complainants, for the reason that

the bill, as amended, does not state a cause of action, and the chancellor did not err in sustaining the defendant's demurrer and in dismissing the bill for want of equity and entering a decree to that effect. The decree is accordingly affirmed.

*Decree affirmed.*

HALL, P. J., and WILSON, J., concur.