# WHEELING.

## HALL v. LOWTHER et als.

Submitted January 24, 1883—Decided November 17, 1883.

(*JOHNSON, PRESIDENT, Absent.)

1. Where the jurisdiction of a court to pronounce certain decrees is directly assailed in a collateral action or suit, and the court in such collateral action or suit decides that such court had jurisdiction of the cause in which said decrees were pronounced, such decision is conclusive of that question upon the parties or their privies in any subsequent direct proceeding or appeal taken in the same suit to correct or set aside said decrees. (p. 574.)

2. But the decision in such collateral action or suit is conclusive of no other question in said suit, and any party thereto may, by any direct proceeding, in the court below or by appeal, have any erroneous decree or order entered therein reversed or set aside. (p. 574.)

3. A bill of review cannot be sustained in favor of a party who cannot be benefitted by a reversal or modification of the decree sought to be reviewed.   (p. 575.)

4. In a foreign attachment suit, under the provisions of chapter 151 of the Code of Virginia, where the defendant has not appeared or been served with a copy of the attachment as provided in section 24 of said chapter, the giving of the bond required by said section is a condition precedent to the sale of the attached property under section 23 of said chapter.  And where a sale is made without such bond having been given and confirmed, the decree confirming such sale will be reversed and the sale set

---

* *Related to one of the parties.

aside, and the purchaser at such sale is not entitled to the protection of the 27th section of said chapter.   (p. 576.)

5. In an attachment suit where the defendant does not appear and was not served with process, it is error to render a personal decree against him.   (p. 579.)

SNYDER, JUDGE, furnishes the following statement of the case:

In May, 1863, Alexander Lowther brought, what is known in the Virginia practice as a "suit by foreign attachment," against Cyrus Hall and others in the circuit court of Ritchie county under the provisions of the Code of Virginia, chapter 151, and the act of February 10, 1862, of the restored government of Virginia at Wheeling, to subject the estate of said Hall in said county to the payment of a *legal* demand of three hundred and thirteen dollars and eighty-eight cents. The plaintiff at the same time filed in said court his affidavit which, after stating the other facts required by the statute, stated that the said Hall "was deemed a non-resident of the commonwealth of Virginia," &c., and has estate in said county.   The summons issued therein, contained an endorsement thereon to the effect that the object of the suit was to attach the estate of said Hall to pay the plaintiff's claim.   On May 30, 1863, the summons was served "by delivering a copy thereof to the wife" of defendant Hall, in said county, he being absent and not found.   On the same day the officer levied an attachment on a house and several lots in the town of Harrisville, the property of the said Hall.   On November 21, 1863, a decree was entered in the cause, in which, after reciting that the order of publication had been duly executed as to the absent defendants and process served on the home defendants, and that the attachment had been duly levied on the said house and lots, it was decreed that the *plaintiff recover against the defendant, Hall,* the said debt of three hundred and thirteen dollars and eighty-eight cents with interest and costs, and that unless the same should be paid within sixty days, a commissioner appointed for the purpose was directed to sell said house and lots.   This decree did not require the commissioner to give bond nor did it require the plaintiff to give the bond required by section 24 of chapter

151 of the Code of Virginia. The commissioner made and reported the sale of said property from which it appears that the sale was made on March 18, 1864, and that J. M. Stephenson became the purchaser at two hundred and fifty-six dollars; and by a decree of March 23, 1864, the said sale was confirmed and a deed directed to be made by the commissioner to the purchaser.

On September 13, 1873, the said Cyrus Hall presented to the judge of said circuit court his bill of review, in which, after setting out at great length and with much detail the proceedings had in the suit of which the preceding statement contains the substance, he avers that all the proceedings and decrees entered in said suit are erroneous and ought to be reversed for errors apparent upon the face thereof and assigns eleven alleged errors, pointing out specifically the grounds for which said proceedings and decrees should be reversed and set aside. He then avers that by reason of the "test oath" act, passed February 11, 1865, he was prevented from having said proceedings reheard by petition at any time between the date of said act and the date of the act of February 6, 1873; that he could not truly make the affidavit prescribed by section 27 of chapter 106 of the Code; that no part of said debt of three hundred and thirteen dollars and eighty-eight cents decreed to the plaintiff, Lowther, in said suit was paid to him out of the proceeds of said sale, and that he has since paid said debt himself to said Lowther; that said property was sold at a grossly inadequate price, and that no deed has yet been made therefor by the commissioner to said Stephenson, the purchaser, and that one Moses S. Hall is in the possession of said property. He prays, therefore, that said several decrees may be reversed and set aside; that the commissioner may be enjoined from conveying said property to said Stephenson, that he may be restored to the possession thereof and for general relief. The said Moses S. Hall, the commissioner, said Stephenson and the parties to said original suit are made defendants and the bill is sworn to by the plaintiff.

The injunction prayed for was granted, and thereupon the plaintiff gave bond as required by the order granting the injunction.

The said Moses S. Hall and some of the other defendants filed their answers to the bill which were replied to generally by the plaintiff. The answer of said Moses S. Hall alleges certain facts tending to show the bad faith and injustice of the plaintiff in bringing this suit, but as there is a general replication to the answer and no proof in the record to sustain these allegations they need not be stated. The said answer, however, avers that said Stephenson sold said property to respondent at the price of six hundred dollars, of which sum three hundred and forty-four dollars was paid to the wife of plaintiff by the direction of said Stephenson and that upon the written order of said Stephenson the commissioner, by deed dated March 23, 1864, conveyed said property to respondent and he at once took possession, that he has placed valuable improvements thereon and has been in possession ever since; that the plaintiff returned to Ritchie county in December, 1865, that he stood by and saw respondent expending large sums in the improvement of said property, without intimating or asserting any claim thereto until sometime in the year 1871, when the improvements were about completed. Respondent also pleads and relies on the statute of limitations and the statute for the protection of bona fide purchasers. Copies of the written order from the the purchaser to the commissioner and the deed from the commissioner to said Moses S. Hall for said property are exhibited with said answer.

No testimony was taken or filed in the cause except the record in said suit of Lowther v. Hall et al., the copies of the deed and order aforesaid and the affidavit of the plaintiff in which he swears that he could not truly make the affidavit prescribed by section 27 of chapter 106 of the Code of this State.

On May 6, 1879, the cause was heard upon the bill, exhibits, process duly executed, the answers and replications thereto, and the court entered a decree dissolving the injunction and dismissing the plaintiff's bill with costs. From this decree the plaintiff appealed to this Court.

James Hutchinson for appellant.

C. D. Merrick for appellee, M. S. Hall.

SNYDER, JUDGE:

When the case of *Hall* v. *Hall*, 12 W. Va. 1, was before this Court, the whole record of the proceedings had in the suit of *Alexander Lowther* v. *Cyrus Hall et al.*, exhibited in, and sought to be reviewed in this cause, was made a part of the record in that case, and the question, whether or not the circuit court of Ritchie county had jurisdiction to render the decrees made in said suit, was then directly presented to, and passed upon by this Court. By the decision then made on that question the appellant in this cause is concluded. It being a matter directly in issue and necessary to the determination of that case, the court had jurisdiction of it; and, therefore, in any subsequent controversy between the same parties or their privies that question is *res judicata* and cannot be further enquired into by any court either directly or collaterally— *Western M. & M. Co.* v. *Va. C. C. Co.*, 10 W. Va. 250; *Corrothers* v. *Sargent*, 20 *Id.* 351.

But the action in that case, being a collateral and not a direct proceeding, the decision made therein was not conclusive in the court below nor is it in this Court, in any direct proceeding in the same suit to reverse and set aside the decrees entered therein for errors committed by the court. Because in such collateral suit, if the court had jurisdiction to render the decrees complained of, no errors or irregularities, however palpable and gross they might appear to be, could be enquired into or corrected in such collateral suit— Freem. on Judgts. § 229. But such decrees may be reviewed and errors corrected therein, by a re-hearing of the same suit in the court which rendered such decrees, or on appeal therefrom to the appellate court, or by any direct proceeding, notwithstanding the fact that such decrees may have been held binding and conclusive upon the parties in such collateral suit. These principles are elementary and need no argument or citation of authorities to sustain them.

Reference to the decision of this Court in said case of *Hall* v. *Hall*, *supra*, shows that the court expressly decided in that case that the circuit court of Ritchie county had jurisdiction to render the decrees in the said suit of *Lowther* v. *Hall et al.* And as no new facts, affecting the jurisdiction thus declared to exist in that suit, have been brought into this suit by the

pleadings and proofs in this cause, the said decision is conclusive as to the jurisdiction of the circuit court of Ritchie county and its authority to render the decrees and entertain the proceedings now complained of in the said suit of *Lowther* v. *Hall et al.*

It is true the defendant, Moses S. Hall, in his answer to the plaintiff's bill avers: "That at the time said real estate was sold, the complainant was absent from home within the lines of the so-called Confederate States, where he had been for several years diligently seeking after his rights." But as there is a general replication to said answer and no proof to sustain said averment this Court cannot consider it as a fact in the cause. The effect of that averment, if it had been proved or admitted by the plaintiff, it is not proper for me to consider. *Haymond* v. *Camden, supra.*

The questions as to the jurisdiction of the court to entertain the suit of *Lowther* v. *Hall et al.* and the effect of the residence of the plaintiff and defendant, Cyrus Hall, in the territory of belligerents hostile to each other at the time said suit was instituted and the property of said Cyrus Hall sold, have been elaborately argued before this Court. But for the reasons just stated, that the former of said questions is *res judicata,* and the latter does not arise upon the record now before us, we cannot consider them. The only enquiry open to us and which we can properly determine in the cause is, whether there are any errors apparent upon the record of the said suit of *Lowther* v. *Hall et al.* for which we can, upon the pleadings and proofs now before us, reverse and set aside the decrees and sale complained of or either of them?

I think the bill in this case is amply sufficient to enable us to review the said decrees—Story's Eq. Pl. § 403; Adams Eq. 878; *Whiting* v. *Bank,* 13 Pet. 13; *Sturm* v. *Fleming, supra.*

A bill of review, such as this, cannot be sustained in favor of a party who cannot be benefited by the revisal or modification of the decrees sought to be reviewed—2 Rob. (old) Pr. 416–17; Story's Eq. Pl. § 409; *Webb* v. *Pell,* 3 Paige 368. Therefore, inasmuch as the plaintiff here does not assail the justice of the debt decreed against him or demand restitution of the proceeds of the sale, but asks only that the said de-

crees may be set aside and that he may be restored to the possession of, and his title quieted to, the house and lots sold in said suit, his bill cannot be sustained unless the relief so asked can be granted him. This relief cannot be granted unless the errors complained are such as vitiate said sale and warrant this Court in setting the same aside. The first question then to be considered is whether or not as against the purchaser or assignee, Moses S. Hall, said sale can be set aside?

The proceedings under which said sale was made as well as its effect and the rights of the purchaser to the property sold are entirely statutory and by the statute they must be condemned or sustained and the sale set aside or confirmed. This statute being an innovation upon the principles of the common law it must, according to the well established rule in such cases, be strictly construed, and unless the sale made was authorized by the terms or the obvious meaning and intent of the statute, it cannot be sustained—*Delaplain* v. *Armstrong*, 21 W. Va. 211.

The law authorizing sales in such cases will be found in chapter 151 of the Code of Va. Section 23 of said chapter provides that, "if the claim of the plaintiff be established, judgment or decree shall be rendered for him, and the court shall dispose of the specific property mentioned in the second section as may be right, and order the sale of any other effects or real estate * * * * and direct the proceeds of sale * * * to be applied in satisfaction of the judgment or decree." The next section, 24, is as follows: "But if the defendant, against whom the claim is, has not appeared or been served with a copy of the attachment sixty days before such decree, *the plaintiff shall not have the benefit of the preceding section, unless or until he shall have given bond*, with sufficient security, in such penalty *as the court shall approve, with condition to perform such future order as may be made upon the appearance of said defendant and his making defence.*" In section 27 it is declared that the defendant, "On giving security for costs, shall be admitted to make defence against such judgment or decree, *as if he had appeared in the case before the same was rendered,* except that the *title of a bona fide purchaser* to any property, real or personal, sold under such

attachment, shall not be brought in question or impeached." And section 28, provides that on any re-hearing "the court may order the plaintiff in the original suit to restore any money paid to him under such judgment or decree" &c.

It is apparent from these provisions that the Legislature, in the enactment of this statute and authorizing the sale of property of an absent defendent by *ex-parte* proceedings, was fully aware of the great injustice that might be done to the defendent by an abuse or oppressive use of such proceedings, and it, therefore, used great precaution in placing upon them every reasonable restriction and limitation it was possible to do, to prevent such abuse, and such as would effectually guard and protect both the rights of the defendent and the *bona fide* purchaser in such cases. In order to secure indemnity to the defendent and to protect the title of the purchaser, it expressly declared, that the plaintiff should not have the benefit of the provision authorizing the sale of the property unless and until he shall have given bond with security to answer any future order made in the case. This was intended to secure the defendent against any damage that might be done him by the wrongful employment or abuse of the provisions of the statute, without the necessity of resorting to the property sold. It was also intended that this bond, by thus securing indemnity to the defendent, should protect the title of the purchaser of the property; for in case such bond was given and the purchase was *bona fide*, the defendent is confined to his remedy on the bond and cannot question or impeach the title of the property so purchased. But in order to make this indemnity and redress to the defendant effectual and protect the title of the purchaser, the statute made it a condition precedent that before any sale could be made the plaintiff should give such bond. Until such bond is given the statute does not authorize the sale to take place. It also provides that the penalty of the bond shall be such "as the court shall approve," thereby making it necessary for the court, by its order or decree entered of record in the suit, as its orders can only appear by its records, to fix the penalty of the bond. Unless and until such order is made fixing the penalty and the bond actually given no sale can be made under the provisions of the statute; and if a sale is made

without such bond such sale will not only be made without authority from the statute but against the express and positive command of it. A sale thus made in violation of and not under the statute can confer no title upon the purchaser. He will not be heard to claim the protection of the statute in a case where the sale was made, not under, but in direct violation of the very statute under which such claim is made. If the sale had been made by authority of the statute he would have been entitled to the protection provided by the statute, but having purchased at a sale made without the authority of the statute, he can claim no such protection. And as a matter of justice there is no great hardship to the purchaser in this construction of the statute. He had notice of the character of the sale and access to the records. He is conclusively presumed to know the law and it was his duty to see that the bond was given which the law made a condition precedent to any sale under the statute. There is certainly no greater hardship in placing this duty upon a purchaser in an attachment suit than it is to require the purchaser in other judicial sales to see that the commissioner making the sale or collecting the purchase-money has given the bond required by law in such cases. In the latter, it is the settled law of this State that a purchaser who pays the purchase-money to a commissioner who has not given bond as such commissioner will not be discharged by such payment, but in case the money is not paid over by the commissioner he will be compelled to pay it again to the proper parties—*Donahoe v. Fackler*, 21 W. Va. 124; *Tyler v. Toms*, 75 Va. 116.

In the case at bar no order was made fixing the penalty of the bond required by said section 24, nor was any such bond in fact given by the plaintiff, nor did the defendant appear nor was he served with a copy of the attachment before the decree of sale as required by said section 24 of chapter 151. It, therefore, follows necessarily, that the sale made to J. M. Stephenson of the appellant's property was without any legal authority and must be set aside and that the decree of March 23, 1864, confirming said sale and directing the commissioner to convey said proverty to the purchaser is erroneous and must be reversed. The appellee,

Moses S. Hall, having been substituted to the rights of said J. M. Stephenson, the purchaser, and the commissioner having made the deed for said property to him directly as such substituted purchaser, he can stand on no higher ground or better position than the said Stephenson and, therefore, the deed made to him, dated March 23, 1864, is invalid and must also be set aside.   But if it shall hereafter appear, as is suggested by his answer filed to the plaintiff's bill, that said Moses S. Hall placed valuable permanent improvements upon said property and that the appellant was cognizant of the fact at the time they were being placed thereon and made no protest and did not then question the title of said Moses S. Hall to said property, he shall be entitled to compensation for such improvements in the manner and to the extent provided for by chapter 91 of the Code of this State and in the same manner he shall be charged with the rents and profits of said property.   *Walker* v. *Beauchler*, 27 Gratt. 511.

The aforesaid decree of June 21, 1863, was also erroneous, because it contained no order fixing the penalty of the bond required by section 24 of chapter 151 of the Code of Virginia, and also upon the ground that it gives a personal decree against the defendant therein for the debt of three hundred and thirteen dollars and eighty-eight cents instead of simply decreeing satisfaction of said debt out of the attached property.—*Rootes* v. *Tompkins*, 3 Gratt. 94.

The questions already considered having disposed of all the decrees complained of by the appellant in his bill of review, it is unnecessary to consider the many other points raised and elaborately argued before this Court.

For the reasons aforesaid, I am of opinion that the said decree of May 6, 1879, is erroneous and must be reversed with costs to the appellant against the appellees, Moses S. Hall and Alexander Lowther; and the cause is remanded to the circuit court of Ritchie county for further proceedings there to had according to the principles announced in this opinion.

JUDGES GREEN AND WOODS CONCURRED.

REVERSED.   REMANDED.