FRANTZ COAL LAND COMPANY V. THE ANSTED NATIONAL BANK *et al.*

(No. C.C. 435)

Submitted January 20, 1931.    Decided January 27, 1931.

W. L. Lee, for plaintiff.
Hubard & Bacon, for defendants.

MAXWELL, JUDGE:

This is a bill of review. Its sufficiency is before us on certification of the action of the trial chancellor in overruling a demurrer to the same.

It appears from the bill that in July, 1928, a creditors' suit was instituted against Frantz Coal Land Company, a corporation (plaintiff in the bill of review), for the purpose of subjecting the real estate of said company to the satisfaction of the debts of its creditors. The report of the commissioner in chancery to whom the cause was regularly referred was completed March 22, 1929. On the same date, the commissioner of school lands of said county, pursuant to authority of said court contained in an order entered a few days earlier on petition of said commissioner, filed his bill for the purpose of subjecting to sale in the manner provided by statute the lands of the Frantz Coal Land Company which had been returned delinquent for non-payment of taxes for the year 1925, and purchased by the state at sheriff's sale in December, 1927. On the 20th day of May, 1929, on motion of the plaintiff in the creditors' suit, the circuit court entered a decree consolidating the two causes, confirming the commissioner's report in the creditors' suit and directing sale of the debtor's real estate to satisfy the liens thereon, priority being given to the state for unpaid taxes. Upon the filing of the bill of review in October, 1929, the trial court awarded an injunction enjoining the special commissioners from making sale of the

property under the decree of sale until further order of court.

Correction of the decree of May 20, 1929, is the object of the bill of review. This is sought to be predicated on errors alleged to be apparent on the face of said decree, except as to certain alleged after-discovered testimony hereafter discussed. The consolidation and order of sale are challenged primarily on the ground that at the time of entry of the decree of consolidation and sale, the debtor was not in fact vested with title to the real estate sought to be subjected to sale, but that title to said property had in fact become vested in the state under its purchase at the sheriff's sale in December, 1927. Also it is said that, whereas under section 17, chapter 105, Barnes' Code 1923, the debtor would be permitted to redeem at any time prior to confirmation of sale in the suit instituted by the commissioner of school lands, the decree of sale in the consolidated causes directed the special commissioners who were appointed by the court for that purpose to make sale of the debtor's land unless it discharged the liens against the same within thirty days from the rise of the court. In other words, the debtor says that its time to redeem was improperly cut down. Again, it is said that an order of reference as contemplated by section 8, chapter 105, Barnes' Code 1923, must be had in a proceeding by a commissioner of school lands, and that it was error for the court to enter the decree of sale in the consolidated causes without a reference having first been prosecuted under the suit of the commissioner of school lands.

In considering these challenges of the decree of consolidation and sale, it should be kept in mind that the state's primary concern in such matters is to collect the taxes which the defaulting landowner has failed to pay upon his land. It is not the state's primary purpose to wrest land from its owner or to deprive his creditors of recourse thereto. This is evidenced by the liberal redemption privileges for which provision is made by the statutes. Under section 33, chapter 31, Barnes' Code, where land is purchased by the state at delinquent sale, the prior owner, successor in title, or creditor may redeem the land within one year. And under section 17, chapter 105 of Barnes' Code, the former owner, his heirs, devisees or assigns, may, at any time (prior to decree confirming

sale) during the pendency of a suit by the commissioner of school lands for the purpose of selling lands purchased by the state at delinquency sale, come in by petition and redeem the land. As expressed, in substance, in *McGraw* v. *Rohrbough,* 74 W. Va. 285, the right of redemption from the state expires in one year from the date of the sheriff's sale, but arises again on the institution of proceedings by the commissioner of school lands to sell the land. So that, in the case at bar, the right to redeem must be considered to have been revived by the filing of the bill by the commissioner of school lands in March, 1929. Nor are we able to perceive that the thirty-day provision in the decree of sale in any manner limits the debtor's right to redeem within the period allowed by statute, that is, at any time prior to entry of decree confirming sale. The practical effect of the thirty-day respite was to afford the debtor that much additional time within which to discharge the indebtedness without further costs, and within which period the commissioners should not advertise the property for sale. The statutory right of redemption is not destroyed thereby. But of course such right could not be exercised by the debtor to the exclusion of its creditors, but would be deemed to be for their benefit. In other words, the right to redeem within one year subsequent to the purchase by the state at the sheriff's sale having expired, the debtor could not come into the subsequent suit of the commissioner of school lands and upon payment of taxes redeem the property to the exclusion of all rights of his creditors.

The school commissioner's suit brought the state's title definitely before the court,—and brought it specifically for the purpose of obtaining a sale for the discharge of past due taxes. Exactly that result is reached under the decree of consolidation and sale. Under the order of reference in the creditors' suit, above mentioned, the rights and priority of the state in the matter of taxes were correctly set forth and conserved, and the rights and priorities of creditors were determined. If there had been an order of reference upon the bill of the commissioner of school lands, the same results would have been obtained. There was no occasion for duplication. By the simple process of consolidating the two causes, a pro-

cedure always proper when the ends of justice will be conserved thereby, and a matter largely within the discretion of the court, *Bond* v. *Insurance Company*, 77 W. Va. 736, the rights of the state, of the former landowner and of its creditors were all conserved and safeguarded. But even if there were technical error, though we see none, a bill of review of the debtor would not be entertained in the absence of a showing that the complainant was prejudiced and that he would be benefitted by reversal or modification of the decree. *Hall* v. *Lowther*, 22 W. Va. 570. This bill, in our judgment, does not make such showing.

Now as to alleged after-discovered testimony. This pertains to a trust lien indebtedness in favor of Jackson Building & Loan Association. It is alleged that a note for $12,000.00 and a deed of trust securing the same were executed by Frantz Coal Land Company, a corporation, by W. E. Deegans, its then president, to said Building & Loan Association June 26, 1927; that the said debt was not authorized by the Frantz Coal Land Company, but that the note and trust were executed by Deegans, president, without authority and that Frantz Coal Land Company derived no benefit whatsoever from said transaction, and that the representatives of the Jackson Building & Loan Association who negotiated said transaction on behalf of said association knew that said Deegans had no authority to borrow said money for the plaintiff nor to execute the said deed of trust; and that in said matter the said Deegans, president, was acting adversely to the interests of his company, the plaintiff. By way of setting forth the new matter relied upon, the bill proceeds: "That by reason of said adverse interests the said company was not notified of said pretended loan, note and deed of trust, and was embarrassed in making defense in this case, and unable to get corporate action until a stockholders' meeting held on the 27 day of July, 1929, when the stockholders in meeting ascertained the fact that none of said money alleged to have been borrowed for the said plaintiff was in fact borrowed or used for it or in its behalf, and passed a resolution authorizing and directing that the necessary action be taken to make defense against said claim and authorizing and directing C. A. Conley,

Vice President of the plaintiff Company, to execute any papers and to take any action necessary in making such defense.''

In a proper case, a bill of review will lie for new matter arising since the trial, ''but not for any new matter which reasonable diligence might have procured in time to have been used before the decree was rendered.'' Hogg's Equity Procedure, Vol. I, section 210. ''For a party to maintain a bill of review on after-discovered evidence, it must appear that due diligence by him on the former hearing would not have brought to light the new evidence.'' *Marshall* v. *Lumber Company*, 76 W. Va. 531. There is clearly nothing in this bill on this point to bring the situation within the rigid requirements of the rule.

In the light of the foregoing, we are of opinion that the bill does not disclose on its face sufficient grounds for the same to be maintained. Therefore, in response to the certification of the trial chancellor, we hold that the demurrer to the bill ought to have been sustained with leave to the plaintiff to amend if desired. We therefore reverse the decree of the trial chancellor, sustain the demurrer to the bill with leave to amend, and remand the cause.

*Reversed and remanded.*