**THE SUNSET CORPORATION, a Florida corporation, v. OTIS KAY DOYLE, et al.**

9 So. (2nd) 703            En Banc
July 21, 1942      Rehearing Denied October 13, 1942

Ruth Alberta Clark, for appellant.

J. M. Flowers, for Appellees, Guy E. Terry and Mae Terry, his wife, James Ernest Stansberry and Margaret Virginia Stansberry, his wife, and John Carl Drury and Olive Drury, his wife; Blackwell & Walker for Appellee First Federal Savings and Loan Association of Miami; W. H. Burwell, for Appellee Ella J. Blackwell, a widow, A. N. Spense, attorney for Appellee Earl M. Rader and Hilda M. Rader, his wife, and Otis Kay Doyle and Harriet Doyle, his wife; Joe Brown Booth, for Appellees Joseph E. McGinley and Lillian B. McGinley, his wife, appellees.

BUFORD, J:

The appeal is from an order dismissing a bill of review.

The bill of complaint alleges that the complainant is the fee simple owner of certain described lands and deraigns plaintiff's title by abstract of conveyances.

The bill alleges:

"That after this plaintiff, The Sunset Corporation, acquired the fee simple title to the above described property, as aforesaid, the same was, on the 9th day of November, A. D. 1934, sold by the City of Miami to the defendant Otis Kay Doyle by an alleged tax deed for unpaid City of Miami taxes for the year 1929, which said alleged tax deed was filed November 13, 1934, and recorded in Deed Book 1588, at page 34, of the Public Records of Dade County, Florida; that thereafter on the 24th day of November, A. D. 1934, the said Otis Kay Doyle, joined by his wife Harriet Doyle, conveyed a one-half interest in the above de-

scribed property to the defendant Earle M. Rader, by warranty deed recorded on the 26th day of November A. D. 1934, in Deed Book 1590, at page 203, of the Public Records of Dade County, Florida.

"VI. That thereafter on the 22nd day of January, 1935, the said Otis Kay Doyle and the said Earle M. Rader, defendants herein, filed their bill of complaint in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade County, Florida, in Chancery, being cause No. 40500, and thereafter filed their amendment to said bill of complaint against this plaintiff, to foreclose the aforesaid alleged tax deed. All of which will more fully appear by a true copy of said bill of complaint in Chancery cause No. 40500, attached hereto as Exhibit No. 1, and a true copy of said alleged tax deed attached hereto as Exhibit No. 2, and a true copy of said amendment to the said bill of complaint in Chancery cause No. 40500 attached hereto as Exhibit No. 3 each of which said Exhibits numbers 1 and 2 and 3 are specifically made a part hereof as fully and completely as if copied herein in full.

"VII. That all proceedings in the Chancery suit aforesaid (Chancery cause No. 40500), wherein the said Otis Kay Doyle and the said Earle M. Rader were plaintiffs and this plaintiff, The Sunset Corporation, was named as a defendant, were void, because of the fact that the same, as appears from the allegations herein and the true copies of the bill of complaint, of the said alleged City of Miami tax deed, and of the amendment to said bill of complaint, all of which are attached hereto as exhibits, was a suit to foreclose a tax deed issued upon municipal tax sale certificates, which is a proceeding for which there

is no authority, by reason of which the Court in which said proceedings were had was without jurisdiction of the subject matter of said suit."

The bill then alleges that the complainants in a suit to foreclose the tax deed, caused issuance of a summons in chancery against the defendant named in that suit, and further alleges that no service was ever perfected and that a decree of foreclosure was entered, the property was sold under that decree and at that sale the property was bought in by the planitiffs in that suit, defendants here, and a master's deed was issued to them. That thereafter conveyances were made by the grantees in the foreclosure deed, whom the bill of complaint shows were also the holders under the tax deed, to various parties.

It is unnecessary to discuss the alleged infirmities of the service of process in the tax deed foreclosure suit, or the manner in which other parties acquired an alleged interest in the property for the reason that attached to the bill of complaint is a copy of the tax deed which is regular on its face and constitutes prima facie new and independent title to the lands therein described. See Dean v. Kane, 106 Fla. 814, 143 Sou. 656; Torreyson v. Dutton, 137 Fla. 683, 188 Sou. 805 and cases there cited.

No attack is made in the bill of complaint on the validity of the tax deed. If the tax deed is valid, and for the purposes of this suit, it must be so considered, then the plaintiff here has no interest in the property and can not be benefited by a decree granting all the relief sought in its bill of complaint.

It appears well settled that for one to maintain a bill of review or a bill in the nature of a bill of review, the plaintiff must allege and show that he has an

interest in the subject matter, that he has been injured by the decree complained of, and is in position to deprive a benefit in the reversal of the decree. See 19 Am. Juris 308, Sec. 445; Heermans v. Montague, ...... Va. ......, 20 S.E. 899; Tremper v. Barton, 18 Ohio 418; Hall v. Lowther, 22 W.Va. 570; Rigg v. Huffman, 33 W.Va. 425; Hargraves v. Lewis, 7 Ga. 118; Whiting, et al., v. Bank of U. S., 13 Pet. (U.S.) 6, 10 L. Ed. 33.

The bill of complaint as it stands with the exhibits, which are made a part thereof, shows upon its face that the plaintiff in this suit was divested of all interest in the lands here involved by the issuance of a tax deed prior to the institutions of the proceedings herein complained of. A different question might have been presented if persons other than the grantee in the tax deed and his grantee under the tax deed had been purchasers at the foreclosure sale but it is not necessary for us to determine what, if any, difference that condition would have made. The simple fact is that so far as the allegations of the bill of complaint are concerned, the defendants in this suit hold title to the land under a tax deed duly issued on certificates issued because of the non-payment of taxes and it is, therefore, of no consequence to this complaint that they may have thereafter instituted and prosecuted a proceeding by which their title derived under the tax deed in no way benefited.

In the absence of any allegation in the bill of complaint that the tax deed referred to was void or voidable, the plaintiff has alleged no equity because the allegations of the bill of complaint when taken more strongly against the pleader show that the plaintiff is without any interest in property involved.

The order dismissing the bill of complaint was without error and it should be affirmed.

So ordered.

WHITFIELD, TERRELL, THOMAS and ADAMS, JJ., concur.

BROWN, C. J., concurs specially.

CHAPMAN, J., dissents.

BROWN, C. J., concurring specially:

I concur, but under the circumstances I think the lower court should be allowed to entertain and pass upon a motion by appellant for leave to amend the bill, if it be so advised.

CHAPMAN, J., dissenting:

I think the bill in the nature of bill of review states a cause of action and the order appealed from should be reviewed.