147 P.2d 356

### QUINTANA v. VIGIL et al.

### No. 4801.

Supreme Court of New Mexico.

March 20, 1944.

H. B. Hamilton, of Las Vegas, for appellants.

Mechem & Hannett, of Albuquerque, for appellee.

THREET, Justice.

By leave of court, appellants filed their bill of review seeking to set aside, vacate and hold for naught that certain judgment and decree rendered by the Fourth Judicial District Court within and for San Miguel County, New Mexico, on the 9th day of June, 1941 and affirmed by this court on April 29, 1942. Quintana v. Vigil et al., 46 N.M. 200, 125 P.2d 711. From an order sustaining the motion to strike the bill of review, appellants appeal.

The trial court, in sustaining the motion to strike, held:

"1. That no valid or substantial reason is shown why the alleged new or additional evidence was not or could not have been produced at the previous trial of this cause as well as now, the alleged insanity being a matter of public record, as appears from said bill of review, and to have been a matter of public record at the time of the original trial in this cause.

"2. That it affirmatively appears by the terms of the bill of review that the defendants were found by the court in the original proceedings to have no interest in the land which is the subject matter of this controversy, nor does it now appear that they have any interest in said land or in the subject matter of this controversy sufficient to entitle them to litigate the title to the land in question in these proceedings, or to maintain this cause of action."

The first point relied upon by appellants for reversal of this cause is that the court erred in holding that appellants had failed to show due diligence in the discovery of the newly discovered evidence relied upon as the ground for a bill of review.

The newly discovered evidence, upon which appellants seek a review, is that the records of the district court of San Miguel County, New Mexico, show that Anna Maria Lucero de Valencia, appellee's grantor in the deed under which he claims title, was on the 9th day of March, 1936, in cause No. 11,861½, and on the 23rd day of December, 1937, in cause No. 12,152½ adjudged insane and committed to the State Insane Asylum at Las Vegas, New Mexico;

that appellee was sheriff of San Miguel County, New Mexico, on the date of the last commitment of Anna Maria Lucero de Valencia, his grantor, and executed the commitment by delivering Anna Maria Lucero de Valencia to the State Insane Asylum at Las Vegas, New Mexico; that Anna Maria Lucero de Valencia, at the time she executed the deed of conveyance to appellee on February 17, 1941, was insane and had not been discharged from the State Insane Asylum; that the deed, under which appellee claims title, is void; that appellee knew all of these facts at the time the judgment and decree were entered in this cause June 9, 1941; and failing to make a full disclosure of such facts and circumstances perpetrated a fraud upon the court.

It will be observed that the new matter relied upon by appellants, as a ground for review, consists of public records of the district court of San Miguel County, New Mexico, which might as easily have been discovered at the time the cause was tried as now.

In State ex rel. Brady v. Frenger, Judge, 44 N.M. 386, 103 P.2d 115, 116, we said:

"The 'Ordinances in Chancery' of Lord Bacon stated the rule regulating bills of review, as follows: 'No decree shall be reversed, altered or explained, being once under the great seal, but upon bill of review; and no bill of review shall be admitted, except it contain either error in law, appearing in the body of the decree without

farther examination of matters of fact, or some new matter which hath arisen in time after the decree, and not any new proof which might have been used when the decree was made; nevertheless upon new proof that is come to light after the decree made, and could not possibly have been used at the time when the decree passed, a bill of review may be grounded by the special license of the court, and not otherwise.' Spedding, Ellis & Heath's ed. of Bacon's Work, Vol. 15, p. 351."

In 19 Am.Jur., Sec. 441, page 305, it is said:

"A bill of review will be denied where the evidence relied on is made up of matters of record which might have been found as easily at the time of the controversy as later."

See also Dumont v. Des Moines Valley R. R. Co., 131 U.S. clx, Appendix, 25 L.Ed. 520; Eclipse Mach. Co. et al. v. Harley-Davidson Motor Co. et al., 3 Cir., 286 F. 68; Smith v. Ruckner, 95 Ark. 517, 129 S. W. 1079, 30 L.R.A.,N.S., 1030; Missouri-Kansas Pipe Line Co. v. Warrick, 23 Del. Ch. 215, 2 A.2d 273.

Appellants assert that it is not necessary for a litigant to search the records of the district court of the state for the purpose of ascertaining whether any parties to the action are insane, and argue that the failure to make such a search does not show lack of diligence on their part in making discovery of the new evidence relied upon for review. The question here is not the failure to search the records of all the district courts of the state, but the failure to search the records in the very court in which the cause was tried. A search of the district court records of San Miguel County at the time the case was tried would have revealed the two insanity proceedings, appellants now urge as newly discovered evidence, and upon which they rely for a review. In Missouri-Kansas Pipe Line Co. v. Warrick, supra, it was held that the failure to make inquiry of persons likely to know the facts shows lack of diligence. And in Eclipse Mach. Co. et al. v. Harley-Davidson Motor Co., supra, the court held that where an appellant seeks a bill of review after an adverse decision in a suit for the infringement of a patent on the ground of newly discovered evidence which consists of government records accessible to diligent search, and which is claimed to be a publication anticipating the patent in suit, the rule requiring diligence is strictly enforced.

Appellants argue that while it might have been incumbent upon them to search the court records and make discovery of the two insanity hearings and commitments of Anna Maria Lucero de Valencia at the time the case was tried, such search would have been futile and no information would have been gained therefrom, as no order in either insanity case had been entered discharging Anna Maria Lucero de Valencia from the State Insane Asylum at the time she executed the deed to appellee on February .17, 1941; and seek to escape the rule that the burden was upon them to show due diligence in making discovery of the

newly discovered evidence as a ground for review. We cannot follow this argument. It is apparent that the district court records of San Miguel County, New Mexico, relative to the two insanity proceedings were the same at the time of the trial of this cause as they are now. Appellants bottom their claim to the right of a review upon the fact that appellee's grantor, in the deed under which he claims title, had been adjudged insane on two occasions prior to the execution and delivery of the deed to appellee. If the adjudication of insanity of Anna Maria Lucero de Valencia, appellee's grantor, prior to the execution of the deed in question, was sufficient to void the deed, a question we do not here decide, this matter was available to appellants at the time of the trial of this case, and, by the exercise of diligence, could have been presented to the trial court then as well as now.

■■ Appellants have not shown such diligence as will entitle them to re-open and litigate matters that could have been brought to the attention of the court in the trial of the case. Since the granting of a bill of review is not a matter of right in the party claiming it, but rests in the sound discretion of the trial court and at the price of a showing of diligence by the party seeking the review, the trial court did not err in sustaining the motion to strike appellants' bill of review upon the showing made.

It is next urged that the trial court erred in its holding No. Two. There is no merit in this contention. It is manifest that if appellants cannot be benefited by reversal or modification of the decree sought to be reviewed, they are not entitled to maintain this action. Appellants are met at the outset, with the proposition that they failed to show any title to or interest in the property involved in this action, which would entitle them to maintain a bill of review. This arises by virtue of the holding in Quintana v. Vigil et al., supra [46 N.M. 200, 125 P.2d 713], where we said:

"* * * the defendants, Ramon F. Vigil and wife, claimed through the appellant, Jose S. Vigil, but had wholly failed to show in themselves any color of title whatever; and that the defendants Jose S. Vigil and wife, had failed to show possession of the real estate, under color of title, with the usual elements necessary to establish title by limitations, for ten years or more prior to the filing of plaintiff's complaint. The conclusion of law which logically followed was adopted by the court to the effect that plaintiff owned said real estate in fee simple as against all defendants."

■ In Frantz Coal Land Co. v. Ansted Nat. Bank et al., 110 W.Va. 46, 156 S.E. 838, the court said:

"Party who cannot be benefited by reversal or modification of decree cannot maintain bill of review. 'A bill of review cannot be sustained in favor of a party who cannot be benefited by a reversal or modification of the decree sought to be reviewed.' Hall v. Lowther, 22 W.Va. 570."

See also Thorington v. Thorington, 111 Ala. 237, 20 So. 407, 36 L.R.A. 385.

In the case at bar appellants' interest in the real estate in question was adjudicated in the trial of the case and the decree entered pursuant thereto was affirmed by this court in Quintana v. Vigil et al., supra. If the review should be granted, the newly discovered evidence, relied upon by appellants, would, in no way, inure to their benefit. The adjudication that appellants failed to show any color of title, or possession under color of title necessary to establish title by limitations, could not be eliminated by a showing that Anna Maria Lucero de Valencia was insane at the time she executed the deed to appellee.

Finding no error the order and judgment of the trial court will be affirmed, and

It is so ordered.

SADLER, ·C. J., and MABRY, BICKLEY, and BRICE, JJ., concur.