160 P.2d 441

## RINGLE DEVELOPMENT CORPORATION v. TOWN OF TOME LAND GRANT, Inc.

No. 4884.

Supreme Court of New Mexico.

July 2, 1945.

R. P. Barnes, E. C. Iden, and David A. Grammer, all of Albuquerque, for appellant.

Hugh B. Woodward and Lawson K. Stiff, both of Albuquerque, for appellee.

SADLER, Justice.

The question for decision is whether, upon the facts found, in setting aside its former decree granting specific performance of an agreement to execute an oil and gas lease, the trial court properly exercised powers inherent in it as a court of equity in a proceeding in the nature of a bill of review.

The material facts are not in dispute. The appellant was chartered as a domestic corporation on June 13, 1928, with power to buy and sell oil and gas leases, to prospect for oil and gas and, upon discovery, to develop the same. On November 16, 1940, pursuant to previous negotiations between the parties, the appellant corporation and the appellee, Town of Tome Land Grant, entered into an agreement in writing whereby the latter bound itself, upon the expiration of outstanding five year oil and gas leases on certain common lands of the Grant held, respectively, by the appellant and another person, to execute and deliver to the appellant a new lease of said lands for a five year period upon the same terms and conditions as those contained in the old leases.

The former leases having expired, demand was made upon appellee for execution and delivery of the lease contracted for and the latter having refused, the appellant filed suit on May 4, 1942, seeking specific performance of the agreement to lease. A decree awarding the relief prayed was signed on August 31, 1942 and entered in the cause on September 9, 1942, following signing of which the lease was duly executed by appellee and delivered to the appellant.

Thereafter, on May 16, 1944, the appellee filed in the same cause its pleading entitled "Petition in the Nature of a Bill of Review," seeking to vacate and set aside the former decree of specific performance entered more than a year and a half previously, relief peculiarly obtainable under a bill of review, and to have the oil and gas lease executed by appellee under compulsion of such decree declared a nullity and wholly void.

The appellant was delinquent in the filing of annual reports with the State Corporation Commission on numerous occasions, beginning with the year 1931 and continuing to and including the year 1943, by reason whereof its right to do business was suspended under the provisions of 1941 Comp. § 54-236 and, as appellee claims, the corporate entity rendered powerless to contract. Always, after each default and the consequent suspension of the right to do business for varying periods, the appellant would cure the default by filing the overdue report and secure reinstatement on the records of the State Cor-

poration Commission of the right to do business. Thus it happens that on November 16, 1940, the date when appellant negotiated with appellee the agreement for oil and gas lease, the appellant's right to do business had been suspended or forfeited on the books of State Corporation Commission since May 8, 1940, and so continued until reinstatement on April 22, 1942.

The facts were found by the court in substantial conformity with the foregoing summary and from them the court drew the following conclusions, made the basis of its decree vacating the former decree of specific performance and annulling the oil and gas lease executed pursuant thereto, to-wit:

"No. 1. At the time of the negotiations for the contract between Ringle Development Corporation and The Town of Tome Land Grant, Inc., and at the time of the execution *of the execution* of the contract providing for the renewal of an oil and gas lease by the Town of Tome Land Grant, Inc. to Ringle Development Corporation, a corporation, which contract was executed on November 16, 1940, the Ringle Development Corporation was not a 'juristic entity' having power to negotiate for such contract or to execute such contract.

"No. 2. The negotiations for said contract and the execution of said contract were not for purposes incident to the closing of the affairs of Ringle Development Corporation, but were expressly for the purpose of continuing the business for which said corporation was established.

"No. 3. There being no juristic entity such as Ringle Development Corporation capable of negotiating for or executing said contract in existence, said contract was a nullity and void for want of one competent party to the contract.

"No. 4. The power to execute a contract for a new oil and gas lease was not one of the powers so perpetuated.

"No. 5. For its defaults in failing to file its annual report for the year 1939 and 1940 under the provisions of Section 54-1202, New Mexico Statutes 1941, Annotated, the corporate powers of Ringle Development Corporation, a corporation except as to those corporate powers which were perpetuated for the express purposes as provided by Section 54-503, New Mexico Statutes 1941, Annotated, were from May 8, 1940, forfeited. Such forfeiture operated to suspend during the period of forfeiture the corporate powers of Ringle Development Corporation, a corporation, to negotiate for or execute the purported contract with the Town of Tome Land Grant, Inc. on November 16, 1940.

"No. 6. The order of reinstatement of Ringle Development Corporation, a corporation, entered by the State Corporation Commission on April 22, 1942, had no retroactive effect to give validity to the contract entered into between Ringle Development Corporation and the Town of Tome Land Grant, Inc., which contract was executed on November 16, 1940.

"No. 7. Because the Court had no jurisdiction of 'the res, to-wit, the alleged contract of November 16, 1940, this Court was without jurisdiction to enter the judgment filed in this cause on September 9, 1942. Lacking such jurisdiction such judgment so entered by the Court was a nullity.

"No. 8. The oil and gas lease, Petitioner's Exhibit 'A', executed by the Town of Tome Land Grant, Inc., a corporation, pursuant to said void judgment is a nullity.

"No. 9. The purported judgment entered on September 9, 1942, by this Court should be vacated and set aside and the oil and gas lease, Petitioner's Exhibit 'A', should be by this Court decreed to be void.

"No. 10. That the respondent corporation is a de jure corporation.

"No. 11. That the respondent corporation has never been dissolved."

The decisive question is whether, upon the foregoing facts, the trial court properly exercised its powers as a court of equity in awarding the relief it did under a petition in the nature of a bill of review. Several collateral questions are presented and argued but all must yield to the decisive one mentioned if it calls for a negative answer, as we conclude it does.

In three previous decisions of this Court decided somewhat recently, we discussed the power of a court of equity to award relief under a bill of review or a bill in the nature of a bill of review. The cases mentioned are De Baca v. Sais, 44 N.M. 105, 99 P.2d 106; State ex rel. Brady v. Frenger, 44 N.M. 386, 103 P.2d 115; and Quintana v. Vigil, 48 N.M. 195, 147 P. 2d 356. In the De Baca case we held, in accordance with the well-recognized rule on the subject, that where relief under a bill of review is sought upon the ground of newly-discovered evidence, the application must disclose among other things that the evidence could not have been discovered by the exercise of reasonable diligence prior to entry of the judgment sought to be vacated. Touching this subject, we said [44 N.M. 386, 103 P.2d 116]: "It is essential to relief through proceedings by a bill of review that the evidence should have been discovered after the rendition of the original decree, and after the expiration of the time provided by statute for the remedy by motion for a new trial; that the evidence could not have been discovered before by the exercise of reasonable diligence; that it is of such a character that it ought to produce a different result on the merits of the case; that it is not merely cumulative of the testimony introduced at the trial."

The record discloses that appellee's petition in the nature of a bill of review was filed on May 16, 1944, to vacate the decree entered in the cause on September 9, 1942, more than twenty months prior thereto. While alleging it had discovered only recently the evidence relied upon to vacate the former decree, the allegation was denied and the trial court

·made no finding on the issue. Furthermore, the appellee offered no explanation of its failure to discover the evidence prior to entry of the judgment sought to be impeached. The status of appellant's right to do business on the material dates involved was a matter of public record in the office of State Corporation Commission. In Quintana v. Vigil, supra, we held that, where the matter relied upon as newly discovered evidence consists of public records accessible to diligent search, the rule of diligence is strictly enforced, citing authority. At some time prior to filing its petition, the appellee did discover the evidence here relied upon. Why, in the exercise of reasonable diligence, it could not have discovered same in time to interpose it as a defense to the complaint seeking specific performance, if it be a defense, the record does not explain. As a matter of fact, the burden was on appellee to plead and establish this essential to relief under a bill of review. No finding on the subject appearing, nor having been requested, a finding against the appellee on the issue will be presumed. Byerts v. Schmidt, 25 N.M. 219, 180 P. 284; Atma v. Munoz, 48 N.M. 114, 146 P.2d 631.

Thus it is that we are asked to affirm a decree voiding an earlier one in the same case by reason of certain evidence, either known to appellee at the time of its entry or which could have been ascertained by the exercise of reasonable diligence. The authorities do not sustain the right to relief in such circumstances. Nor does appellee acquire any advantage by calling its suit one "in the nature of a bill of review", since it has failed to show that the rules pertaining to bills of review do not control. Indeed, "the same principles are generally applicable in this country to all varieties of this species of bills." Harrigan v. Peoria County, 262 Ill. 36, 104 N. E. 172, 175. See, also, 21 C.J. 724 and 30 C.J.S., Equity, § 635, p. 1051.

It follows that the decree of the district court must be reversed and the cause remanded to the district court with directions to set aside its decree and dismiss the appellee's complaint entitled "petition in the nature of a bill of review". The appellant will recover its costs.

It is so ordered.

MABRY, C. J., and BICKLEY, BRICE, and LUJAN, JJ., concur.