94 So.2d 191

Maurice METTEE et al.

v.

Edna BOLLING et al.

I Div. 617.

Supreme Court of Alabama.

April 4, 1957.

Gaillard & Gaillard, Mobile, for appellants.

Austill & Austill, Mobile, for appellees.

LIVINGSTON, Chief Justice.

The appeal is from a decree of the Circuit Court of Mobile County, sitting in equity.

A bill was filed by Edna Bolling and others against Maurice Mettee and others to set aside a decree rendered by the Circuit Court of Mobile County, in Equity, on the 6th day of December 1948, in the case of Maurice Mettee v. Mary McClellan, et al., on grounds that said decree was obtained by fraud on the court, in that Mettee alleged that at the time of the filing of his bill in the suit in which the questioned decree was rendered, he was in the peaceable possession of the real estate involved, while

in fact, Robert L. Bolling was in the quiet and peaceable possession of said property under a deed of record from Irene M. Gould.

The bill of complaint alleges, in substance, the following: In 1906, Irene M. Gould and W. A. Gould, her husband, mortgaged lots 31 and 32 of Delacroix Place to George W. McClellan, executor. In 1917, Irene M. Gould, then a widow, conveyed the above-described real property to George S. McClellan and Mary McClellan, reserving to herself a life estate in said property, in consideration of the cancellation of the mortgage to George W. McClellan, executor. On December 26, 1945, Irene M. Gould conveyed, by quitclaim deed, all right, title, claim and interest of every kind that she owned in said property to Robert L. Bolling. This deed was recorded on January 22, 1946. On March 22, 1948, Irene M. Gould conveyed all right, title, claim and interest that she owned in said property to Maurice Mettee, Charles Mettee, and John Martin Mettee. In September 1948, Maurice Mettee brought a statutory bill to quiet title in personam to lots 29, 30, 31 and 32 of Delacroix Place. In this bill, he named the McClellans as respondents, and alleged that he was in the peaceable possession of said property, claiming to own the same in his own right. The respondents failed to appear, and a decree pro confesso was entered against them. On December 6, 1948, a final decree was entered vesting whatever interest the McClellans had in the property in Mettee.

Irene M. Gould died on the 26th day of October, 1951. After her death, Maurice Mettee filed a suit in ejectment against Edna Bolling to dispossess her of lots 31 and 32 of Delacroix Place. The complainants, the heirs of Robert L. Bolling, then filed this suit on November 25, 1952. Demurrers were interposed and overruled. Respondents filed an answer, and the cause was submitted on testimony taken ore tenus before the trial court, resulting in a decree for complainants. Respondents appealed.

This bill, in the nature of a bill of review, was brought by the complainants, because the bill in the case of Mettee v. McClellan, et al., contained all the jurisdictional averments, and the decree rendered in that case adjudged that the facts averred were true, and nothing affirmatively appears on the face of the record to show that the court did not have jurisdiction of the subject matter. In such a case, a decree cannot be attacked collaterally. In Merchants Nat. Bank of Mobile v. Morris, 252 Ala. 566, 42 So.2d 240, 243, it was stated:

"But when the jurisdiction of the court is invoked by a sufficient petition, and the record shows the giving of statutory notice, or the decree so recites, not disputed by other parts of the record, the decree is conclusive on collateral attack and cannot be so assailed by proving an absence of the matter on which jurisdiction depends. Quick v. McDonald, 214 Ala. 587, 108 So. 529; Williams v. Overcast, 229 Ala. 119, 155 So. 543. This can be done only in a direct proceeding in the nature of a bill of review. Keenum v. Dodson, 212 Ala. 146, 102 So. 230; Quick v. McDonald, supra; Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33; Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Anderson v. Anderson, 250 Ala. 427, 34 So.2d 585, * * *"

Complainants in their bill alleged:

"The said decree was obtained by fraud in this: That the complainant, Maurice Mettee, in said bill perpetrated a fraud on the Chancery Court in falsely alleging that at the time of the filing of his bill in the suit in which the questioned decree was rendered he was in the peaceable possession of said property while in fact the said Robert L. Bolling was in the quiet and peaceable possession of said property under a deed of record from the said Irene M. Gould."

Possession of the land in controversy, either actual or constructive, by the complainant is necessary before the court has jurisdiction in a statutory bill to quiet title in personam. Sec. 1109, Title 7, Code of Alabama 1940; Sanford v. Alabama Power Co., 256 Ala. 280, 54 So.2d 562; Ex parte Proctor, 247 Ala. 138, 22 So.2d 896; Brookside-Pratt Mining Co. v. Wright, 234 Ala. 70, 173 So. 605; Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675; Gill v. More, 200 Ala. 511, 76 So. 453; Foy v. Barr, 145 Ala. 244, 39 So. 578.

In Dake v. Inglis, 239 Ala. 241, 194 So. 673, 674, this court said:

"The purpose of the proceeding is not to invest the court with jurisdiction to sell or dispose of the title to the land, but merely to determine and settle the same as between the complainant and the defendants. Code 1923, § 9908 [Code 1940, Tit. 7, § 1112], Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; Venable v. Turner, 236 Ala. 483, 183 So. 644.

"Therefore, the fact that there are others who might assert claims to the property, who are not made parties, is not an obstacle to proceeding to a final decree settling the title as between the parties to the bill. The decree is only conclusive against such as are made parties and their privies. Grayson v. Muckleroy, supra."

At the outset, we are met with the fact, shown, both in the pleading and proof, that at the time this suit was commenced, complainants had no interest whatever in the property involved, although complainants' predecessor in title, Robert L. Bolling, did have an interest in the property at the time the decree here sought to be set aside was rendered. See Thorington v. Thorington, 111 Ala. 237, 20 So. 407, 36 L.R.A. 385. The point was raised by the respondents' demurrer to the bill of complaint. The bill of complaint alleges that Mrs. Gould, through whom all parties to this litigation claim, conveyed the property to the McClellans in 1917, reserving a life estate to herself; that on December 26, 1945, Mrs. Gould conveyed (by quitclaim deed) her life estate to Robert L. Bolling, through whom complainants claim; that Mrs. Gould died on October 26, 1951. (This suit was instituted on November 25, 1952.) Of necessity, Bolling's interest in the property terminated upon the death of Mrs. Gould, unless for some reason, not here insisted upon or shown, he had other or additional interest than the estate for the life of Mrs. Gould.

As stated, Robert L. Bolling had an interest in the property, an estate for the life of Mrs. Gould, at the time the decree here sought to be set aside was entered, on December 6, 1948. But no attempt is here made to allege or show that Bolling's interest, estate or possession, was in anywise litigated, affected, reduced, or interfered with, in the suit between Mettee and the McClellans, nor in the decree rendered in that cause.

Robert L. Bolling was not a party to the suit between Mettee and the McClellans. Therefore, his interest in the property was in nowise affected, unless it can be shown that such nonjoinder has operated as an injury or mischief to the rights of the present complainants. No such injury or mischief has been shown or pretended. Dake v. Inglis, supra.

We are aware of no rule of chancery practice which allows a final decree, once made and fully executed, to be opened on the complaint of one who, by his own showing, makes it clear that he has no present interest in the property involved in the decree, and that his predecessor's interest or title in said property, at the time the decree was entered, was in nowise injured or affected by it. We have been cited to no case, and our research fails to reveal one, directly in point, but for analogous propositions see: Boykin v. Kernochan; 24 Ala. 697; McCall v. McCurdy, 69 Ala. 65; Allgood v. Bank of Piedmont, 130 Ala. 237, 29 So. 855; Sunset Corporation v. Doyle, 151 Fla. 161, 9 So.2d 703; Weinberg v. Larson,

275 Ill.App. 475; Rabbit v. First Nat. Bank of Rock Falls, 237 Ill.App. 289; Quintana v. Vigil, 48 N.M. 195, 147 P.2d 356; Frantz Coal Land Co. v. Ansted Nat. Bank, 110 W.Va. 46, 156 S.E. 838; 19 Am.Jur., Sec. 445, pp. 307–308.

It was error to overrule respondents' demurrer to the bill of complaint and the cause must be reversed and remanded.

Reversed and remanded.

LAWSON, STAKELY and MERRILL, JJ., concur.