387 P.2d 852

Vernon E. HOPKINS, Individually and Next Friend of Elizabeth Hopkins, a minor, Plaintiff-Appellant,

v.

Joe MARTINEZ, Defendant-Appellee,

State Farm Mutual Automobile Insurance Company, Garnishee-Appellee.

No. 7291.

Supreme Court of New Mexico.

Oct. 21, 1963.

Rehearing Denied Jan. 13, 1964.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellant.

Iden & Johnson, Richard G. Cooper, Albuquerque, for appellee.

NOBLE, Justice.

Following a judgment against Joe Martinez for damages arising from an intersection accident, State Farm Mutual Automobile Insurance Company (hereafter referred to as Insurance Company), was made a garnishee-defendant upon the contention that Martinez was an insured under the omnibus clause of the public liability policy issued to Joseph Tully on another automobile owned by him. This appeal is from a judgment dismissing the writ of garnishment.

Appellee has moved to strike a portion of the statement of facts in appellant's brief in chief because it contains alleged facts inconsistent with and not included in the court's findings. The only finding attacked by appellant is one relating to

failure to give notice of the accident. The requirement of Supreme Court Rule 15, subd. 14(3) was defined in Provencio v. Price, 57 N.M. 40, 253 P.2d 582, as:

> "The statement of facts required by rule 15, subd. 14(3), our rules of appellate procedure, to be incorporated in an appellant's brief, if the issue is tried to the court, relate to the ultimate facts found in the decision of the court, Cullender v. Doyal, 44 N.M. 491, 105 P.2d 326, which possibly can be better stated in narrative form rather than merely copying the findings into the brief.
> \* \* \*"

When the statement of facts is made in narrative form, however, it must neither be contrary to nor inconsistent with facts found by the court. The motion to strike those portions of the statement of facts which are inconsistent with and not included in the court's findings of fact is sustained.

■ Findings of fact by the court not objected to are the facts upon which the case rests in the Supreme Court. In re White's Estate, 41 N.M. 631, 73 P.2d 316; Hugh K. Gale Post No. 2182 Veterans of Foreign Wars of Farmington v. Norris, 53 N.M. 58, 201 P.2d 777; Gore v. Cone, 60 N.M. 29, 287 P.2d 229; Maryland Casualty Co. v. Jolly, 67 N.M. 101, 352 P.2d 1013. The court found:

"That at all times material hereto, the defendant, Joseph Tully, was a resident of the County of Bernalillo, State of New Mexico, and the garnishee, State Farm Mutual Automobile Insurance Company, was authorized to conduct automobile insurance business within the County of Bernalillo and State of New Mexico.

"That the plaintiffs are residents of the County of Bernalillo, State of New Mexico.

"That garnishee, State Farm Mutual Automobile Insurance Company, had issued its insurance policies Numbers 605–293–EO 3–31 and 604 776 EO 3–31, to defendant Joseph Tully on a 1958 Chevrolet automobile which was in full force and effect during all times material hereto.

"That the defendant, Joseph Tully, advised a representative of garnishee, State Farm Mutual Automobile Insurance Company, he was purchasing a 1955 Ford Victoria for Joe Martinez, defendant herein, and he desired additional insurance thereon. That Joseph Tully was informed and told by garnishee's representatives that State Farm Mutual Automobile Insurance Company could not and would not issue insurance on said Ford Victoria if the same were to be used by defendant, Joe Martinez.

"That the declaration made by Joseph Tully to State Farm Mutual Automobile Insurance Company for insurance under policies Nos. 605–293–EO 3-31 and 604 776 EO 3-31, did not indicate that any minor would be using either the 1958 Chevrolet or any additional vehicles purchased by Joseph Tully.

. "That Joseph Tully and a representative of State Farm Mutual Automobile Insurance Company agreed that the 1955 Ford Victoria was not covered by the insurance existing on Joseph Tully's 1958 Chevrolet, if Joe Martinez were to use said 1955 Ford Victoria, and that as a matter of fact the said Joe Martinez did on 3 or 4 occasions use said Ford subsequent to said discussions between Joe Tully and the State Farm Mutual Automobile Insurance Company representative, in addition to the use by Joe Martinez of said Ford on the date the accident in question occurred; and that said use was contrary to the declarations of the insured pertaining to the use of the 1958 Chevrolet automobile and was outside and beyond the restrictions as to use on the insured automobile.

"That the named insured nor the insured ever gave notice to State Farm Mutual Automobile Insurance Company that an accident involving the 1955 Ford Victoria had occurred on July 29, 1960, nor did the named insured ever give notice that suit had been filed by the plaintiffs herein against . him. ·

·"That the evidence clearly indicates that the insured, Joe Tully, at no time intended to notify State Farm Mutual Automobile Insurance Company that the 1955 Ford Victoria was a newly acquired automobile which he desired to have included under the terms of the policy nor did he intend to pay the premiums for the additional insurance · as provided under said policy."

Joe Martinez, the judgment debtor, was driving a 1955 Ford at the time of the accident. The garnishment was predicated upon appellant's claim that the 1955 Ford was insured as a newly acquired vehicle under the omnibus clause of a policy issued to Joseph Tully on a 1958 Chevrolet, and that Martinez was an insured under the extended coverage clause of that policy. The particular insuring agreements in controversy are contained in the "newly acquired automobile" provision, reading:

"Newly Acquired Automobile—means an automobile, ownership of which is acquired by the named insured if (1) it replaces an automobile owned by the named insured and covered by this policy or the company insures all automobiles owned by the named insured on

the date of its delivery, and (2) the named insured notifies the company within thirty days following such delivery date. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

and the provision extending coverage to:

" * * * any other person while using the owned automobile, provided the actual use of such automobile is with the permission of the named insured, * * *."

Appellant argues that the 1955 Ford is automatically covered by the Tully policy because the insurance company insured all automobiles owned by Tully when the Ford was acquired. It is not claimed that the Ford was a replacement automobile.

█ The difficulty with appellant's position is that the construction of the policy contended for is applicable only if (1) Tully was the owner of the Ford, and (2) if State Farm insured all his vehicles. The court failed to find either fact. Absent such findings, appellant's claim of insurance coverage under the "newly acquired automobile" clause is wholly without foundation. The trial court, thus, failed to find facts upon a material point in issue. That failure is to be regarded as finding such material fact against the party having the burden of proof, in this case, the appellant. Coseboom

v. Marshall Trust, 67 N.M. 405, 356 P.2d 117; Farrar v. Hood, 56 N.M. 724, 249 P.2d 759; Ringle Development Corp. v. Town of Tome Land Grant, Inc., 49 N.M. 192, 160 P.2d 441; Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 114 P.2d 740. Treating the presumed findings as made, the 1955 Ford was not insured within the automatic coverage clause of the policy.

█ Furthermore, on the question of actual ownership of the Ford automobile, appellant's tendered finding that Tully acquired the Ford for use by his wife was refused. The court found, on the contrary, as an evidentiary fact, that Tully told the insurance company's representative that "he was purchasing a 1955 Ford Victoria for Joe Martinez * * *." No attack is made upon that finding nor is the court's failure to give appellant's requested finding to the contrary relied upon for reversal. Absent an attack, the finding is binding upon this court on appeal, Maryland Casualty Co. v. Jolly, supra. A review of the record discloses substantial support for the presumed finding resulting from failure of the court to find Tully to be the owner of the Ford.

█ As stated above, a prerequisite under the automatic coverage provision is that the named insured own the new vehicle. Aetna Casualty & Surety Co. v. Chapman, 240 Ala. 599, 200 So. 425; Clarno v. Gamble-Robinson Corp., 190 Minn. 256, 251 N.W. 268; Annotation, 34 A.L.R.2d at pp. 939

and 941; Newbern Distributing Co., Inc. v. Canal Ins. Co. (Fla.App.1960) 124 So.2d 721. The ownership of such additional automobile by the named insured means such ownership as the ordinary person would contemplate by that term. 7 Appleman, Insurance Law and Practice, § 4293. A vehicle purchased by the named insured for another, the beneficial ownership of which is in such other person, is not one owned by the named insured within the policy provision. It follows that such vehicle is not automatically covered by the omnibus clause. See Robinson v. Georgia Casualty & Surety Co., 235 S.C. 178, 110 S.E.2d 255; compare American Indemnity Co. v. Davis (5th Cir.1958) 260 F.2d 440.

Attention is called to the requirement that:

"The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

and to the unattacked finding of the trial court that Tully never intended to pay any additional insurance premium for the 1955 Ford.

A cause will not be remanded for further findings except in exceptional circumstances which do not appear present in this case. Farrar v. Hood, supra. The issue of actual ownership of the automobile was fully litigated and evidentiary facts were found against appellant's position.

No cause for remand has been suggested. Furthermore, the district judge who tried the case is now a federal district judge and is not now in a position to proceed further in this case.

Other questions presented and argued have either been determined by what has been said, found to be without merit, or are unnecessary to the decision. It follows that the judgment appealed from should be affirmed.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.